(No. 1474—)

HARTMANN-CLARK BROS. COMPANY, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1929.*
*Rehearing granted June 26, 1929.*
*Modified opinion filed January 15, 1930.*

E. V. CHAMPION, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

The claimant an Illinois corporation, entered into a contract with the State of Illinois by its Department of Public Works and Buildings for the erection and construction of a girder bridge on a part of the State Bond Issue Route No. 24, Tazewell County, Illinois. It appears by said contract that

claimant was to receive the sum of $23,131.90. The claimant entered upon the performance of his contract and it is alleged that on or about the 27th day of May, 1927, an unprecedented flood occurred which washed away the construction work done on said bridge with materials to be used in the construction of said bridge together with tools belonging to claimant causing claimant a loss for which he asks to recover the sum of Ten Thousand ($10,000.00) Dollars. It further appears after said flood and loss that the Highway Department thought it best to discontinue the contract. The court fails to find that any protest was made by claimant on this ground.

The Attorney General comes and submits the matter to this court for such disposition as the court would care to make.

This court is of the opinion that it would be an unusual precedent to attempt to reimburse a contractor in a loss of this character, it being assumed by the court that a contractor would enter upon a project of this kind mindful of the hazards attendant thereto and while it is unfortunate for claimant to sustain this loss, yet it would appear that a private corporation would not be expected to undertake the problem of underwriting a hazard of this character. The court does not think the State of Illinois ought to be called upon to insure a roadbuilder or bridgebuilder against weather hazards unless the same is specified in the contract.

Therefore it is recommended that the said claim be denied.

On June 26, 1929, upon petition for rehearing, the following order granting rehearing, was filed:

The petition for rehearing coming on to be heard, by the Court, and the Court being fully advised in the premises finds that petition for rehearing should be granted and therefore the same is hereby granted.

On January 15, 1930, the following modified opinion was filed:

This is a case that has heretofore been passed upon by the court and claim denied and rehearing granted and now the matter comes on for rehearing and the court feels that the expenses incurred, by claimant, the correctness of which was approved by the State Highway Department, and the

defendant, through the Attorney General concurs in the belief that claimant suffered damages in the sum of $6,147.29.

Therefore, the court recommends that claimant be awarded the sum of $6,147.29.